# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MITCHELL,<br><br>Defendant. | CASE NO. 1:12-CR-00199-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(ECF No. 38) |

Before the Court is Petitioner Edward Mitchell's ("Petitioner" or "Defendant") motion to reduce his sentence under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses (ECF No. 38). In its Opposition (ECF No. 41), the government concedes that Petitioner is eligible for a reduction under § 1B1.10, but opposes the motion on the basis of the 18 U.S.C. § 3553(a) factors. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court denies the motion for the following reasons.

**I.   BACKGROUND**

Subsequent to a three-count indictment (ECF No. 3), Petitioner pleaded guilty to Count 2, Felon in Possession of Firearm, a violation of 18 U.S.C. § 922(g)(1); and Count 3, Possession with Intent to Distribute Cocaine, a violation of 21 U.S.C. § 841(b)(1)(A). *See* ECF Nos. 19, 20.

Prepared by the U.S. Probation Office, the PSR recommended that, pursuant to § 2D1.1(c), Defendant's base offense level[2] was 20 (based on the quantity of cocaine involved in the offense) and his criminal history was category IV (based on 8criminal history points). *See* ECF No. 26, PSR-Final Amended ("PSR-FA") ¶¶ 25-27, 44-45. Based on the specific offense characteristics where the

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

[2] Pursuant to U.S.S.G. 3D1.2(a)-(c) the offenses are grouped. The applicable sentencing guideline for Count 2 is § 2K2.1, and for Count 3 is § 2D1.1. Of these, the sentencing guideline at § 2D1.1 produces the higher offense level, therefore § 2K2.1 is used to determine the appropriate offense level. *See* ECF No. 32, Revised Final Amended PSR ¶ 25.

offense involved the use of a firearm, pursuant to § 2D1.1(b)(1)(A), the PSR found appropriate a two-level increase. *See id.* at ¶¶ 27-28. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 19. *See id.* at ¶¶ 30-31. The Guidelines range for a defendant with an offense level of 19 and a criminal history category IV was 46-57 months. *See id.* at ¶ 67; U.S.S.G. Ch. 5, Pt. A; § 2D1.1. The PSR recommended an upward departure to 96 months. *See* PSR-FA at 22.

On September 23, 2012, adopting the PSR and accepting the plea agreement, the Court imposed a sentence of 96 months in custody; a 36-month term of supervised release; and a mandatory $200 penalty assessment. *See* ECF Nos. 33, 34.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

## III.   DISCUSSION

Petitioner requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). Petitioner argues that he is entitled to a reduction in sentence pursuant to the Amendment because, citing § 2D1.1(c)(11) (2015 ed.), "the base offense level associated with [his] convictions drops by two, to 18, and applying the adjustments assessed at the initial sentencing, "his total offense level is now 17, and the amended guideline range is 37 to 46 months." ECF No. 38 at 6. Because the Sentencing Commission has lowered Petitioner's appropriate guideline range, Petitioner

argues that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)…" and may, pursuant to 18 U.S.C. § 3582(c)(2), at its discretion, decrease his sentence "down to as low as the low-end of the amended guideline range." ECF No. 38 at 7. As a result, Petitioner "requests the Court enter the order lodged herewith reducing his term of imprisonment to a total term of 85 months on each of counts 2 and 3, to be run concurrently." *Id.* at 3:24-26.

Based on § 3553(a) factors, including Petitioner's criminal history, the violence associated with the underlying offense, as well as the government's concessions in the original plea agreement, the government disputes that a reduction in sentence is appropriate in this case. *See* ECF No. 41.

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155.

**A. Step One: Eligibility**

At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement[3] in U.S.S.G. § 1B1.10." *Id.*

Here, the government does not dispute that the answer at step one[4] is that Petitioner is eligible for a reduced sentence. *See* ECF No. 41 at 1. Thus, the Court turns to step two of the inquiry.

**B. Step Two: § 3553(a) Factors**

At step two, the Court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of

---

[3] That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

[4] The Sentencing Commission's constraint on a sentencing court's authority to modify a sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B). The government does not challenge Petitioner's eligibility under this standard.

3

sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

The Court incorporates by reference the final PSR, *see* ECF No. 32, and the transcript from the original sentencing hearing, *see* ECF Nos. 33, 37. Although the Court considered the sentencing guidelines, the guidelines were not determinative of the 96-month term imposed against Defendant. *See id.* The Court did not use the guideline range as a part of any formula or percentage. Rather, the Court based its sentencing determination on the seriousness of the crime, the Court having previously given Defendant chances in relation to the same or similar underlying criminal activity, combined with a necessary focus on the safety of the community. *Id.* For these same reasons, considered § 3553(a) factors, the Court finds a reduction in sentence inappropriate.

## IV. CONCLUSION AND ORDER

As is within its discretion, the Court concludes that a reduction is sentence is not warranted. *Dunn*, 728 F.3d at 1155, 1158. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edward Mitchell's motion to reduce his sentence (ECF No. 38) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

    Dated:  **August 4, 2016**                   **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES CHIEF DISTRICT JUDGE