# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:12-cr-199-LJO-SKO-1 |
| Plaintiff-Respondent, | |
| v. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S § 3582 MOTION |
| EDWARD MITCHELL, | |
| Defendant-Petitioner. | ECF No. 38 |

This case is now before the Court following the Ninth Circuit's grant of the parties' joint motion to reverse and remand the Court's initial denial of Defendant Edward Mitchell's ("Defendant" or "Mitchell") motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). ECF No. 53. The Ninth Circuit remanded this case "for further proceedings, including a statement of reasons regarding any non-frivolous argument raised by [D]efendant in his motion to reduce sentence, consistent with *United States v. Trujillo*, 713 F.3d 1003, 1010-11 (9th Cir. 2013)." *Id*. For the reasons that follow, the Court GRANTS Defendant's motion and reduces his sentence to 85 months.

1

## I. BACKGROUND

On June 25, 2013, Defendant pled guilty to the following two counts of a three-count[1] indictment: Felon in Possession of a Firearm, in violation of 18 U.S.C. 922(g)(1) and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 20; PSR (ECF No. 32) ¶ 1.

According to the PSR, Defendant's base offense level was 20 pursuant to section 2D1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"), based on the amount of cocaine involved in his offense. PSR ¶¶ 25-26. Pursuant to USSG § 2D1.1(b)(1)(A), a 2-level increase was added because two of the firearms in Defendant's possession were stolen. *Id* ¶ 27. Pursuant to USSG § 2K2.1(b)(6)(B), because Defendant was in possession of a firearm while distributing cocaine, a 4-level increase was added. *Id* ¶ 28. Pursuant to USSG § 3E1.1(a) and (b), a 3-level reduction was recommended for acceptance of responsibility, *id.* ¶ 30, which resulted in a total offense level of 19, *id.* ¶ 31.

With a criminal history category IV and a total offense level of 19, the Guidelines range for Defendant was 46 to 57 months. *Id.* at 22. However, the PSR recommended an upward departure to 96 months. *Id.* First, under USSG 5K2.21, the Court is permitted to depart upward to reflect the actual seriousness of an offense based on the conduct underlying a charge dismissed as part of a plea agreement. PSR ¶ 72. Because the Government agreed to dismiss one of the charges on the indictment that would have added a mandatory 10-year term to the other charges, and in light of the seriousness of the offense, the PSR found that an upward departure pursuant to USSG § 5K2.21 was appropriate. *Id.* ¶ 73-75. Second, pursuant to 18 U.S.C. § 3553(a), although the PSR identified some mitigating circumstances, the PSR found that the following aggravating factors tipped the balance upwards: 1) the violent nature and circumstances of the instant offense, during which Defendant used an illegally-

---

[1] The indictment also charged Defendant with Carrying a Firearm During and in Relation to a Drug Trafficking Offense. ECF No. 3; PSR ¶ 2. The Government subsequently agreed to dismiss that charge to in exchange for his agreement to plead guilty to the other two counts. PSR ¶ 73.

possessed firearm to shoot and kill[2] a former associate who sought to purchase cocaine from Defendant, and two other individuals suffered gunshot wounds; 2) Defendant's criminal history, which included two grants of felony probation; 3) Defendant's drug usage; and 4) Defendant's lack of gainful employment. PSR ¶¶ 94-95.

On September 23, 2013, this Court adopted the PSR's recommendation and sentenced Defendant to a 96-month term of imprisonment. ECF Nos. 33 & 34.

Defendant filed his first § 3582 motion on April 11, 2016. ECF No. 38. Therein, he noted that Amendment 782 lowered the sentencing range applicable to him. *Id.* at 3. Specifically, his total offense level was reduced from 19 to 17, and his amended Guidelines range is 37 to 46 months. *Id.* Defendant requested an eleven-month reduction in his sentence, arguing that an 85-month sentence would leave intact the full extent of the original upward departure imposed by the Court, while also effecting the goals enumerated in USSG § 1B1.10's policy statement. *Id.* at 10-11. Defendant further noted that his positive post-sentencing conduct and family support network were factors that weighed in favor of granting his motion. *Id.*

In its opposition, the Government acknowledged that Defendant was eligible for a reduction under Amendment 782, but argued that the Court should exercise its discretion to deny Defendant's request because of Defendant's criminal history, the violence associated with the instant offense, in light of the Government's concessions in the original plea agreement. ECF No. 41. The Government did not dispute that the Defendant would not be a threat to public safety if released eleven months earlier, but emphasized that the seriousness and violence of the instant offense weigh heavily against granting Defendant's motion. *Id.* at 7-8.

The Court denied Defendant's motion. ECF No. 44. Incorporating by reference the final PSR (ECF No. 32) and the transcript from the original sentencing hearing (ECF Nos. 33 and 37), the Court

---

[2] Law enforcement determined that Defendant was justified in shooting that individual, who entered Defendant's apartment and shot three people, including Defendant. PSR ¶¶ 4-19.

3

noted that the Guidelines were not determinative of the 96-month term imposed against Defendant. ECF No. 44 at 4. "Rather, the Court based its sentencing determination on the seriousness of the crime, the Court having previously given Defendant chances in relation to the same or similar underlying criminal activity, combined with a necessary focus on the safety of the community." *Id.* For the same reasons it imposed its original sentence, and the § 3553(a) factors, the Court found that a reduction under § 3582 was not appropriate. *Id.*

Subsequent to Defendant's appeal of the Court's denial of his motion. ECF No. 46, the parties filed a joint motion to reverse and remand the case, *see United States v. Mitchell*, Case No. 16-10356, Dkt. No. 13. In the motion, the parties noted that pursuant to the Ninth Circuit's decision in *Trujillo*, it is legal error for a district court to "fail[] to explain its reasons for rejecting the defendant's non-frivolous arguments when denying a motion to reduce sentence." *Id.* at 2. The Government noted that it "d[oes] not believe it can defend the manner in which the court denied the motion in this case," and the parties requested a remand of this case for the Court to make a statement "regarding the specific arguments put forth in Mitchell's motion for sentence reduction" in accordance with *Trujillo. Id.* at 2-3.

In accordance with the remand, the Court ordered the United States Probation Office ("Probation") to file a short supplement to Defendant's PSR advising the Court of any relevant information pertaining to Defendant's time in custody, and set a schedule for the parties to file optional briefing addressing how Defendant's post-sentencing conduct affects the Court's consideration of his § 3582 motion. ECF No. 54. Probation filed its supplement, ECF No. 56, and Defendant filed his brief and some supplemental materials, ECF No. 59. Although it was provided with the opportunity to do so, the Government did not file a brief in opposition.[3]

//

//

---

[3] The Government's loud silence following remand of this case, along with the fact that it joined in Defendant's motion to remand this case, leads the Court to assume that it no longer opposes Defendant's motion, notwithstanding the vigorous opposition that it filed during the earlier proceedings of this case.

4

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. See Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id*. That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and

circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id*. at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

Because the parties do not contest Defendant's eligibility for a sentence reduction, the only task remaining for this Court is to consider any applicable § 3553(a) factors and provide a "statement of reasons regarding any non-frivolous argument raised by defendant in his motion to reduce sentence, consistent with [*Trujillo*, 713 F.3d at 1010-11]." *See* ECF No. 53.

In his post-remand brief, Defendant reiterates his arguments that his post-sentencing conduct favors a sentence reduction and that he does not pose a threat to public safety. ECF No. 59. He additionally notes that in the thirteen months have elapsed since the date of his original motion, he has completed numerous community college courses, has completed two drug education programs, is currently assigned to a work detail, and remained discipline-free. *Id.* at 2-3. Defendant also cites the fact that he was transferred from a medium-security facility to a low-security facility to demonstrate the lack of danger he poses to public safety. *Id.* He additionally informs the Court that he has maintained his relationship with his children while he has been incarcerated, and desires to be a positive role model for his children. *Id.*; ECF No. 59-1, Ex. A. The Court agrees that Defendant's post-sentencing conduct is a positive factor and demonstrates that there is little indication that he would pose a threat to public safety. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) ("the extensive evidence of Pepper's rehabilitation since his initial sentencing is clearly relevant to the selection of an appropriate sentence" and also "sheds light on the likelihood that he will engage in future criminal conduct."); *Gall v. United States*, 552 U.S. 38, 59 (2007) ("Gall's self-motivated rehabilitation … lends strong support to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct

or to protect the public from his future criminal acts."). Defendant's arguments are supported by Probation's supplement, which confirms that Defendant has completed a wide variety of educational courses during his incarceration, has had consistent institution work history, has not had any disciplinary issues, and has satisfied the $200 special assessment he was ordered to pay at the time of sentencing. ECF No. 56.

At this juncture of proceedings, the Court still retains the authority to deny the reduction on the grounds that the seriousness of the offense still outweighs the positive factors Defendant has set forth. *See Dunn*, 728 F.3d at 1159-60. However, upon reconsideration of the entirety of the case, including the fact that the Government no longer appears to oppose Defendant's motion, the Court has determined that it is appropriate to grant Defendant the eleven-month reduction he seeks under Amendment 782. The Court believes that it is necessary to preserve the 36-month upward departure from the original sentencing to reflect the seriousness of the instant offense, which Defendant does not dispute. Furthermore, in light of all of the steps Defendant has taken towards rehabilitation while he has been in custody, and evidence of the strong family network of support he will have upon release (ECF No. 38-1 at 3-9), the Court accords less weight to the history and characteristics factor, as there is considerable evidence in the record of Defendant's desire and willingness to move past his crime, become a better person, and become a productive member of society (*see generally* ECF Nos. 59-1, 56; *see also Pepper*, 562 U.S. at 492 ("evidence of Pepper's [more recent conduct] provides the most up-to-date picture of Pepper's 'history and characteristics.'" ). The Court believes that an 85-month sentence would effectuate the purposes of sentencing and the policy goal underlying Amendment 782, which favors a two-point reduction in the base offense level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The purposes of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of the federal prisons"); ");  *see also United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29,

2015) (noting that barring disqualifying facts, an eligible defendant's sentence is to be adjusted in accordance with the Guidelines amendment).

The Court has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007); *Trujillo*, 713 F.3d at 1010. In this discretion, the Court GRANTS Defendant's § 3582 motion and reduces his sentence from 96 months to 85 months of imprisonment.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Edward Mitchell's motion (ECF No. 38) to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant is hereby re-sentenced to 85-month term of imprisonment.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of Defendant's sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** close this case.

IT IS SO ORDERED.

Dated: **August 14, 2017**        /s/ Lawrence J. O'Neill
                                                   UNITED STATES CHIEF DISTRICT JUDGE